## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| DANMAR LINES, LTD. ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| Atlantic Container Line AB, FAPs Inc., Ports ) | **COMPLAINT** |
| America, ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

---

Plaintiff DANMAR LINES, LTD. ("DANMAR" or "Plaintiff"), by and through their attorneys, as and for their Complaint against defendant Atlantic Container Line AB ("ACL"), FAPs Inc. ("FAPS") and Port of America ("POA") or ("Defendants") alleges upon information and belief as follows:

1. This is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. §1333.

2. The Court also has jurisdiction over this claim per 28 U.S.C. § 1332 in that the citizenship of the parties is diverse and, the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. The court also has pendent, ancillary and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Plaintiff also brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## PARTIES

6.      Danmar Lines Ltd. is a corporation organized and existing pursuant to the laws of the Switzerland.

7.      ACL is a corporation organized and existing under the laws of a foreign country with its principal place of business in a foreign country, and was and is engaged in business as a carrier of merchandise by sea, for hire and conducts business in and has an office and place of business at 50 Cardinal Drive, Westfield, NJ 07090.

8.      Defendant FAPs is a corporation organized and existing under the laws of New Jersey, with a principal place of business at 371 Craneway St, Newark, NJ 07114, and was and is engaged in business, *inter alia*, as a marine terminal operator or a carrier of goods for hire, or otherwise in the maritime transportation of goods within the State of New Jersey.

9.      Defendant Ports America ("POA") is a corporation organized and existing under the laws of a State in the US, with a principal place of business at 241 Calcutta St, Newark, NJ 07114, and was and is engaged in business as, *inter alia*, as a marine stevedore or terminal operator or a carrier of goods for hire, or otherwise in the maritime transportation of goods within the State of New Jersey.

10.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Defendants are registered to do business in the State of New Jersey.

## FACTS

11.     Plaintiff issued an NVOCC Bill of Lading NYC149560 dated January 28, 2018 to Shorts PLS for the carriage of a cargo of Fuselage from Belfast to Mirabel, ("the Shipment").

12.     Plaintiff arranged for Defendant ACL to carry the Shipment from Liverpool to New York pursuant to ACL Bill of Lading SA00201455.

13. Defendants FAPS and POA were the marine terminal or stevedores or both that handled the Shipment on and after discharge at the Port of Newark at the FAPS terminal and thereafter.

14. Bombardier alleges it is the owner of the Shipment and has made claim to Danmar alleging that the Shipment was not in like good order when delivered, but was damaged while in the care custody and control of Defendants at the FAPS terminal in the Port of Newark on or about February 13, 2018.

15. Bombardier has made a claim against Plaintiff for a total loss of the Shipment in the amount as best that can be determined of $2,200,000.

## FIRST CAUSE OF ACTION

16. Plaintiff repeats and realleges each and every paragraph contained herein.

17. Plaintiff asserts this claim without prejudice to or waiver of any defenses that may be available to it against the claim of Bombardier.

18. While denying any liability to Bombardier, if the Shipment was not delivered in like good condition as alleged by Bombardier, and Plaintiff is held liable or caused to make payment, such will be due solely from the fault, negligence, gross negligence and/or lack of care, breach of contract, breach of warranty (express or implied), omission or other wrongful act on the part of the Defendants, their agents or sub-contractors.

19. As a result of the foregoing, Plaintiff claims against Defendants for any and all sums which Plaintiff may be required to pay to Plaintiff, including attorneys' fees and expenses.

## SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every paragraph contained herein.

21. Plaintiff asserts this claim without prejudice to or waiver of any defenses that may be available to it against the claim of Bombardier.

22. While denying any liability for damages to Bombardier, if Plaintiff should be held liable to Bombardier, then Plaintiff asserts that it shall be entitled to damage from Defendants as a result of breach of contract.

### THIRD CAUSE OF ACTION

23. Plaintiff repeats and realleges each and every paragraph contained herein.

24. Plaintiff asserts this claim without prejudice to or waiver of any defenses that may be available to it against the claim of Bombardier.

25. While denying any liability for damages to Bombardier, if Plaintiff should be adjudged liable to Bombardier, Plaintiff asserts that any and all injuries and damages allegedly sustained by claimant and its subrogated insurers were the proximate result of the actions of the Defendants. As such, Defendants is liable to Plaintiff, by way indemnification and/or contribution for any and all sums which it may be required to pay in this action, including attorneys' fees and expenses.

### FOURTH CAUSE OF ACTION BREACH OF CONTRACT OF CARRIAGE

26. Plaintiff incorporates here by reference the allegations of paragraphs 1 to 29.

27. Defendants breached their obligations and duties under their contract(s) of carriage with respect to the cargo by allegedly failing to deliver it in like good order and condition.

28. By reason of the foregoing, Defendants caused damage to Plaintiff and are liable for the full sum Plaintiff suffers to claimants plus attorney fees and expenses.

### FIFTH CAUSE OF ACTION BAILMENT

29. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 28.

30. Defendants acted as bailees of the cargo for good consideration. Defendants were thereby bailees who warranted and had a legal duty to safely keep, care for and deliver the cargo in the same condition as when entrusted to them and to perform their services as a bailee or to ensure that those services were performed with reasonable care and in a non-negligent and workmanlike manner. Defendants allegedly breached those bailment obligations and negligently failed to deliver the cargo in as good condition as when entrusted to them.

31. By reason of the foregoing, Defendants are liable to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, but as nearly as can now be estimated, up to or exceeding U.S. $2,200,000.

## PRAYER

WHEREFORE, while denying any liability for damages for the Shipment to Bombardier, if Plaintiff should be held liable, Plaintiff prays the Court enter a judgment on its Complaint against Defendants jointly and severally, together with an award of costs, costs of suit, interest and reasonable attorney's fees, and for such other relief as the Court deems just and proper.

Dated: January 31, 2019

By: _____

DUANE MORRIS LLP
A Delaware Limited Liability Partnership

James W. Carbin (JC5004)
Attorneys for Plaintiff Danmar Lines, Ltd.
One Riverfront Plaza
1037 Raymond Boulevard, Suite 1800
Newark, New Jersey 07102-5429
(973) 424-2000
JWCarbin@duanemorris.com

DM1\3660294.2